IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY EDWARD PETERSON, | Cause No. CV 23-85-BLG-SPW |
| Petitioner, | |
| vs. | ORDER |
| JAMES SALMONSEN AND ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Petitioner Timothy Edward Peterson's application for writ of habeas corpus was dismissed on September 14, 2023, as untimely and procedurally barred. (Doc. 6.) He has now moved to "reopen" this matter, pursuant to Fed. R. Civ. P. 60(b)(4). (Doc. 13.) The motion is denied.

Fed. R. Civ. P. 60(b) allows relief from judgment for several reasons. Rule 60(b)(4), relied on by Peterson, allows the court to "relieve a party ... from a final judgment for the [reason that] the judgment is void." The list of void judgments under the rule is "exceedingly short," and "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a

1

violation of due process that deprives a party of notice or the opportunity to be heard." *Dietz v. Bouldin*, 794 F.3d 1093, 1096 (9th Cir. 2015) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, (2010)). Peterson asserts that the state district court of his conviction had neither subject nor personal jurisdiction, thus making the judgment void. (Doc. 13.)

Peterson misunderstands the grounds for a Rule 60(b)(4) motion. The rule allows this Court to revisit a judgment if it itself lacked jurisdiction, not to consider whether another court had jurisdiction in another proceeding. This Court had jurisdiction to consider Peterson's petition for a writ of habeas corpus and denied it on other grounds. 28 U.S.C. § 2254.

Peterson's motion is also untimely. A motion under Rule 60(b)(4) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). Peterson has filed his motion over a year and half after judgment was entered, and almost a year since his petition for a writ of certiorari was denied by the United States Supreme Court. And yet, his motion does nothing other than reiterate the arguments he made in his original petition.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Peterson's motion is DENIED.

2

2.   A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Peterson files a notice of appeal.

DATED this 26th day of February, 2025.

*Susan P. Watters*
Susan P. Watters, District Judge
United States District Court